UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

GARY E. PARKER,  )
  )
    *Plaintiff*  )
  )
v.  )    No. 2:13-cv-286-DBH
  )
CAROLYN W. COLVIN, Acting  )
Commissioner of Social Security,  )
  )
    *Defendant*  )

### REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") appeal contends that the administrative law judge was required to call a medical expert to testify at the hearing on his application for benefits. Discerning no error, I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through September 30, 2011, Finding 1, Record at 22; that, at the relevant time, he suffered from coronary artery disease, tremor diagnosed as Parkinson's disease, and cervical degenerative disc disease, impairments that were severe but which,

---

[1] This action is properly brought under 42 U.S.C. § 405(g). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the defendant to file a written opposition to the itemized statement. Oral argument was held before me on June 11, 2014, pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, case authority, and page references to the administrative record.

considered separately or in combination, did not meet or medically equal the criteria of any impairment included in Appendix 1 to 20 C.F.R. Part 404, Subpart P (the "Listings"), Findings 3-4, *id*. at 22-23; that, at the relevant time, he had the residual functional capacity ("RFC") to perform light work, except that he could frequently climb ramps and stairs, occasionally balance, stoop, crouch, kneel, crawl, and climb ladders, ropes, or scaffolds, was limited to frequent fingering bilaterally, and was required to avoid unprotected heights and vibration in the upper extremities, Finding 5, *id*. at 24; that, at the relevant time, he was capable of performing past relevant work, Finding 6, *id*. at 30; and that, therefore, he was not under a disability, as that term is defined in the Social Security Act, at any time from the alleged onset date, December 31, 2007, through September 30, 2011, the date last insured, Finding 7, *id*. at 30. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.* 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R.

§ 404.1520(f); Social Security Ruling 82-62, reprinted in *West's Social Security Reporting Service Rulings 1975-1982*, at 813.

The plaintiff's statement of errors also implicates Step 3 of the sequential review process. At Step 3, a claimant bears the burden of proving that his impairment or combination of impairments meets or equals a listing. 20 C.F.R. § 404.1520(d); *Dudley v. Secretary of Health & Human Servs.*, 816 F.2d 792, 793 (1st Cir. 1987). To meet a listing, the claimant's impairments(s) must satisfy all criteria of that listing, including required objective medical findings. 20 C.F.R. § 404.1525(c)(3). To equal a listing, the claimant's impairment(s) must be "at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 404.1526(a).

## I.    Discussion

The plaintiff contends that the administrative law judge was "not competent" to reject the opinion of his treating neurologist that his condition met Listing 11.06, and that his failure to call a medical expert to testify on this point requires remand. Plaintiff's Statement of Errors ("Itemized Statement") (ECF No. 13) at 7. He concedes that "consulting a medical expert is a matter within the Commis[s]ioner's discretion and is not required under applicable regulations, whatever the circumstances." *Id.* at 9.[2] However, he contends that the decision in *Webster v. Barnhart*, invoked without any citation, nonetheless applies to require remand in this case. *Id.* at 9-10.

Assuming that the plaintiff means to invoke *Webster v. Barnhart*, No. 01-242-P-H, 2002 WL 453594 (D. Me. Mar. 26, 2002), that decision is distinguishable. Before reaching that issue,

---

[2] The plaintiff's assertion that "the ALJ is not qualified to determine the significance of any particular medical findings reported as part of a medical examination[,]" Itemized Statement at 7, a proposition for which he cites *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990), is not supported by that case and is an erroneous statement of applicable law. The First Circuit said in *Gordils* that an administrative law judge may not assess RFC "based on a bare medical record. This principle does not mean, however, that the [commissioner] is precluded from rendering common-sense judgments about functional capacity based on medical findings, as long as the [commissioner] does not overstep the bounds of a lay person's competence and render a medical judgment." *Id.* at 329 (citations omitted).

3

however, the plaintiff's submission contains a fatal flaw pointed out by the defendant, Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 14) at 5: The plaintiff has not shown that his impairment meets all of the criteria of Listing 11.06.

That listing, for Parkinsonian syndrome, requires the following signs: "Significant rigidity, brady kinesia, or tremor in two extremities, which, singly or in combination, result in sustained disturbance of gross and dexterous movements, or gait and station." 20 C.F.R. Part 404, Subpart P, Appendix 1, Section 11.06. The administrative law judge discussed this listing as follows:

> The medical evidence of record does not support a finding that the claimant meets or medically equals a listing under section 11.06, *Parkinson's [sic] syndrome*, as there is no objective medical evidence of significant rigidity, bradykin[e]sia, or tremor in two extremities, which singly or in combination, result in sustained disturbance of gross and dexterous movements, or gait and station. Treatment records reveal only mild-to-moderate tremors and slowed movements with rigidity to the upper extremities bilaterally (Exhibit 1F, pp. 127-28, 134; 5F, p. 7; 13F, p. 6; 16F, p. 4; and 19F). Moreover, although the plaintiff is noted to have slight problems with coordination, posture, and gait, he is also noted to be working on a part-time basis, walking up to four miles daily for exercise, and reported no problems in completing his activities of daily living (Exhibits 2E, p.3; 5F, p.8; 16F, pp. 1-2; 18F, p. 3 and 19F).

Record at 23 (emphasis in original). He specifically addressed Dr. Kaminow's opinion that the plaintiff met the requirements of Listing 11.06 as follows:

> In addition, the undersigned attributes little weight to Dr. Kaminow's opinion that the claimant's Parkinson's disease meets the listing requirements under section 11.06 (Exhibit 21F). Dr. Kaminow's opinion, in this respect, fails to address the specific listing requirements and relies, at least in part, on the claimant's subjective complains. Moreover, as discussed in detail above, despite his impairment, the claimant, contrary to Dr. Kaminow's opinion, maintains functional activities of daily living.

*Id*. at 29.

The plaintiff attacks the second excerpt quoted above and mentions the first excerpt not at all. The first excerpt alone provides a sufficient basis for rejection of Dr. Kaminow's opinion on

a matter that is, after all, reserved to the commissioner. 20 C.F.R. § 404.1527(d)(2). The analysis in that paragraph does not constitute the rendering of a medical judgment. It is an analysis of the record that is well within the competence of a lay person, particularly one who is experienced in dealing with disability claims.

The opinion from Dr. Kaminow upon which the plaintiff relies provides, in its entirety, as follows:

> As per our telephone conversation of April 11/20/12 I have reviewed the requirements of 11.06 of the Parkinson's syndrome. Mr. Parker does [have] tremor particularly in action of both upper extremities along with rigidity in the left arm. He also has decreased rapid alternating movements in the left fingers when I examined him last on 1/3/2012. He also reports dexterity problems when handling or fingering objects. Therefore he appears to me[e]t the above requirements.

Record at 643. This paragraph does not explain the basis for any of the stated conclusions.

In *Webster*, the administrative law judge's entire analysis of the plaintiff's claim that his heart condition met or equaled a listing was "[n]o treating or examining physician has mentioned findings equivalent in severity to the criteria of any listed impairment." 2002 WL 453594, at *2. Here, the administrative law judge devoted the two paragraphs quoted above and several other paragraphs to the plaintiff's Parkinson's disease. Record at 23-30. The listing at issue in *Webster* required interpretation of "angiographic evidence," *id*., which was among the evidence found by this court to be beyond the competence of a lay person. *Id*. at *3. By contrast, the listing at issue here is presented in terms that allow an administrative law judge to draw conclusions about the relevant evidence without expert medical testimony at the hearing. It is also significant in this case that Dr. Kaminow's opinion is not retrospective. That is, his opinion is dated April 12, 2012, and the plaintiff's dated last insured was September 20, 2011. Record at 643, 22.

The administrative law judge in this case relied on the reports of the state-agency medical consultants. *Id*. at 29. The plaintiff suggests that these opinions should have been discounted because one of the two consultants was a family or general practitioner and the other practiced internal medicine, while Dr. Kaminow was a specialist in neurology. Itemized Statement at 9. He provides no authority to support this argument. Specialization is one of the factors that an administrative law judge is directed to consider in weighing the opinions of state-agency medical sources, 20 C.F.R. § 404.1527(c)(5), but so is familiarity with Social Security regulations and practices, 20 C.F.R. 404.1527(c)(6), (f). *See* Record at 29.

The plaintiff also challenges the administrative law judge's reliance on the state-agency physicians' opinions because those opinions "were given without the opportunity to review the complete medical record, the Listing opinion from Dr. Kaminow, and Mr. Parker's sworn testimony." Itemized Statement at 8-9. Of course, state-agency reviewers always provide opinions based on the medical records before a claimant testifies at a hearing, and indeed before it is even known whether a hearing will be requested.[3] The plaintiff chose the time at which Dr. Kaminow's letter was presented, and a claimant should not be able to obtain remand of an unfavorable decision by an administrative law judge merely by waiting until the state-agency reports have been submitted to submit a medical source statement contesting the conclusions in those reports. *Parkes v. Astrue*, No. 1:11-cv-99-NT, 2012 WL 113307, at *2 (D. Me. Jan. 11, 2012) (rejecting similar argument as to claimant's testimony and subsequently-supplied medical records).

---

[3] At oral argument, the plaintiff's attorney contended that, because neither of the state-agency reviewing physicians mentioned Listing 11.06, and, in one case, did not mention the Listings at all, the administrative law judge could not rely on their reports to support his conclusion that none of the plaintiff's medically determinable impairments met or medically equaled any Listing. To the contrary, the sequential evaluation process requires that a determination concerning this possibility be made at Step 3, and, since both reviewing physicians discussed the plaintiff's RFC, they could only have rejected the possibility that any listing was met. *See Jones v. Barnhart*, 315 F.3d 974, 978 n.2 (8th Cir. 2003).

The plaintiff does not explain how the medical records submitted after Dr. Pataki,[4] one of the two state-agency physicians, issued his report would necessarily have required the administrative law judge to adopt Dr. Kaminow's conclusions, and that omission is also fatal to his argument. *Carson v. Barnhart*, 242 F.Supp.2d 33, 38 (D. Me. 2002); *Durgin v. Social Sec. Admin. Com'r*, No. 1:10-cv-00422-GZS, 2012 WL 4828709, at *3 (D. Me. Oct. 5, 2011). He does not even identify the later-submitted evidence. The defendant identifies the later-submitted evidence as pages 623-24, 628, 636, and 640, Opposition at 9, and I agree that nothing in those pages of the medical record may reasonably be construed to require the administrative law judge to adopt Dr. Kaminow's conclusions. Rather, they demonstrate significant improvement in the symptoms of the plaintiff's Parkinson's disease with prescribed medication.

The defendant also relies on an argument that the mild to moderate symptoms diagnosed or recorded in the medical records do not reach the level of the "significant" conditions required by the Listing. Opposition at 6. Given the discussion above, it is unnecessary to reach this issue, but I note that there is support for the defendant's position. *See McCoy v. Astrue*, No. 4:09CV3155, 2010 WL 3526378, at *10 (D. Neb. Sept. 3, 2010). *See also Mullen v. Colvin*, No. 12 C 3751, 2013 WL 4029116, at *7-*8 (N.D. Ill. Aug. 8, 2013).

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which <u>de novo</u> review by the district court is sought, together with a supporting memorandum*

---

[4] Dr. Pataki's report does not explicitly state that the medical evidence does not support the existence of a listing-level impairment, Record at 532-39, but that is not required. *See Jones ex rel. Morris v. Barnhart*, 315 F.3d 974, 978 n.2 (8th Cir. 2003); *see generally Burnham v. Social Sec. Admin. Com'r*, No. 1:11-cv-00246-GZS, 2012 WL 899544, at *3 (D. Me. Mar. 15, 2012).

*and request for oral argument before the district judge, if any is sought, within fourteen (14) days after being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to <u>de</u> <u>novo</u> review by the district court and to appeal the district court's order.*

Dated this 25th day of June, 2014.

                                                      <u>/s/ John H. Rich III</u>
                                                      John H. Rich III
                                                      United States Magistrate Judge